MISSISSIPPI STATE HIGHWAY COMMISSION *v.* ANDERSON.

(Division A.   Nov. 14, 1938.)

[184 So. 450.   No. 33281.]

**Russell Wright**, Assistant Attorney-General, for appellant.

460

Graham & Graham, of Meridian, for appellee.

Argued orally by **Russell Wright**, for apellant, and by **H. M. Graham**, for appellee.

On Suggestion of Error.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

The decree in this case was affirmed on a former day without a written opinion. It has been suggested that because of similar pending controversies a written opinion should be delivered.

An agent of appellant Highway Commission, this agent having a limited authority, had been endeavoring for some days next before the date hereinafter mentioned to procure a right of way over the homestead lands of appellee, including the obligation on the part of appellee to remove certain houses and fences therefrom. The agent was authorized to pay only $400, and so stated to appellee; but appellee would not agree to the conveyance and to the attendant obligation aforesaid for less than $600, payment to be cash on delivery of deed.

On September 11, 1936, according to the testimony of

appellee and his wife, which the chancellor found to be true, the said special agent appeared at appellee's home and requested or suggested that appellee and his wife execute a written offer or option of or for the conveyance at $600 cash, this offer or option to be forwarded to the Commission for acceptance or rejection within two weeks, of which acceptance or rejection appellee was to have notice within said two weeks, and, if accepted, he and his wife would thereupon execute a formal deed, the purchase money to be paid as the same time. And if no notice of acceptance was communicated to appellee within two weeks, the agreement was to be considered as rejected and abandoned.

But instead of a written offer or option being presented to appellee for his signature, and that of his wife, a formal warranty deed, reciting a consideration of $600 cash in hand paid, was presented, which was signed by appellee and his wife without reading it, on the assurance by the agent that it was no more than an offer and would be of no effect until accepted by the Commission as aforesaid, and until thereupon within said period of two weeks the money should be actually paid and a deed then executed. Appellee and his wife testified that the agent claimed to be in a great hurry, because of an urgent engagement with other parties, and that for that reason he did not have time to go over the document, or to have it read or discussed. And they said that they were moved to accept the statement of the agent because no officer was present to take an acknowledgment, as they supposed would be necessary if a deed were being executed.

Appellees heard nothing about the matter either from the agent or the Commission within the two weeks, nor for about two months thereafter—in fact, heard nothing more about it until workmen appeared on the ground and began to cut shade trees and remove fences, when being challenged by what right, appellee was for the first time informed that he had executed a deed and that this

deed had been recorded; as to which latter, it appears that the agent had gone to a neighbor of appellee, who was acquainted with the signatures of appellee and his wife, and had procured this neighbor to sign as a witness, although he was not present. In the meantime, appellee, supposing that the proposition had been rejected, had gathered his crops and had stored them in the buildings on the prospective right of way.

When appellee learned what had transpired, and particularly when he went and looked upon the records of deeds and saw the record of the said instrument, he wrote to the Highway Commission on November 27, 1936, reciting the facts as he had understood them, as has in effect been above stated, but offered to recognize the deed as valid and operative, provided the cash consideration were paid to him on or before December 7, 1936. To this letter or offer appellee received no response; but in some way, either through said agent or some other person, an offer was afterwards made to appellee to pay the money, when, but not until, he had removed the houses and fences. This was not the contract as contained in the offered deed or elsewhere—the deed, which remained as only an offer, recited cash in hand paid, as has already been mentioned. The money still had not been paid when suit was filed, although thereafter tendered in court, which was, of course, too late.

Appellee filed his bill to cancel the deed and its record, and the court sustained the bill and its prayer. Nothing beyond the said statement of facts, as found by the chancellor, would seem necessary to disclose the correctness of the decree, even if appellee is to be held as if he had read the deed and understood its contents. Appellant starts out in its course of reasoning in its argument for a reversal with the proposition that the delivery of a deed to the grantee is absolute and cannot be shown to have been in escrow or on condition. Appellant forgets that it is not denied that the special agent was not authorized to accept delivery of the deed as written, where-

fore as to a delivery of it he was no more than a third person; and when a deed is given to a third person to be delivered as operative only upon the performance of specified acts by the grantee, there is no delivery which will pass title until the specified acts have been performed as specified. 18 C. J. p. 206. And the proposed terms upon which delivery, such as aforesaid, is to be made may be shown by parol, else they could not become the subject of inquiry at all. 18 C. J. pp. 438, 439. And when a deed has been thus delivered to a third person, the grantee may not take possession of it and claim an unconditional delivery on the ground that the said third person was not authorized to make for the grantee any agreement with the grantor as to the performance of specified acts as a condition of the delivery, for so to hold would be to say that any delivery to a third person is an unconditional delivery to the grantee.

There was no operative delivery, the deed never became effective, and the decree is not based upon rescission, as contended by appellant in its suggestion of error, but upon cancellation, as the decree expressly recites.

Suggestion of error overruled.