BARQ'S BOTTLING COMPANY, et al. *v.* BROUSSARD

No. 41583          November 14, 1960          124 So. 2d 294

*P. D. Greaves,* Gulfport, for appellants.

*Walter L. Nixon, Jr.,* Biloxi, for appellee.

LEE, J.

The Workmen's Compensation Commission, on July 16, 1958, received from Eula Broussard a notice that, on May 9, 1958, she had been injured at Barq's Bottling Plant, the place of her employment, in Biloxi, Missis-

sippi. It was stated that she was inspecting bottles, both full and empty ones, when a full bottle blew up, causing the glass to cut and injure her right leg. On the same date, the Commission received her request to list the claim as a controverted matter and to set the same for hearing.

The Commission, under date of July 22, 1958, by registered letter, notified the claimant that the cause would be heard at the Courthouse at Gulfport, Mississippi, at 1:30 o'clock P. M. on August 21, 1958. A copy of this notice was sent to Walter L. Nixon, who was shown to be her attorney.

On August 6, 1958, Walter L. Nixon wrote St. Paul Fire & Marine Insurance Company, Jackson, Mississippi, and enclosed a statement from Dr. Maurice M. Linder of Dayton, Ohio, concerning his examination and treatment of the claimant, and requested the prompt return of the report as soon as a copy had been made. The letter also asked for a reply by return mail in order that the position of the company might be known "so that I may take the necessary steps to be prepared for the hearing of this case." The letter also said that "In the event that it is necessary to try this matter, I am going to request the Mississippi Workmen's Compensation Commission to grant a 30 day continuance of this matter so that I may have my client available and take the necessary depositions for the hearing of this matter."

The letter of Kennon R. Smith, Adjuster of the defendant insurance company, of date of August 7, 1958, acknowledged receipt of Nixon's letter of August 6, 1958, and made the following statement: "I notice from the report of Dr. Maurice Linder of Dayton, Ohio, that you sent us, he does not say that the claimant suffered any disability as a result of the injury she sustained while working for Barq Bottling Company. So, unless you furnish us some reasonable proof she actually suffered

disability as a result of the aforesaid injury, we are agreeable to proceed with the hearing that has been set in this cause.''

The attorney-referee, on August 21, 1958, appeared at the time and place set for the hearing. Neither the claimant nor her attorney was present. The attorney for the defendant moved for a dismissal. This motion was sustained, and the claim was dismissed.

Subsequent to the order of dismissal, the claimant and her attorney filed a petition to reopen. The petition set up that the claimant, on the date of the hearing, was outside the state, residing in Dayton, Ohio. It referred to her counsel's letter of August 6, 1958, to the insurance company, a copy of which was sent to the Commission, and called attention to the quotation therefrom commencing with ''In the event * * *'', as quoted above. For that reason they stated that they thought a continuance was agreeable to all. It was further set up that counsel telephoned P. D. Greaves, the attorney who represents the defendant insurance company generally in that area; that Greaves informed counsel that he was not familiar with the claim, but if St. Paul checked with him, he would inform them that counsel for claimant was out of the country; and that, if he was employed, he would not oppose a continuance.

The attorney-referee declined to reopen the cause. The Commission, on review, affirmed the action of the attorney-referee. However, on appeal, the circuit court reversed the order of the Commission on condition that the claimant pay ''the reasonable costs and expenses of the Mississippi Workmen's Compensation Commission and of the claimant's employer and the Compensation Insurance Carrier'' by reason of the scheduled hearing of August 21, 1958, as a condition precedent to her right to a hearing upon the merits. From that judgment, the insurance company appealed.

■ ■ The exchange of letters between Nixon and Smith afforded no justification for a conclusion that there was an agreement to continue the hearing. Nixon's letter purported to contain the statement of the doctor who had been treating his client, and apparently was a feeler for a settlement of the claim. Smith's letter, on the contrary, appeared to find no merit in the doctor's statement and advised that unless the company was furnished reasonable proof of disability, "we are agreeable to proceed with the hearing that has been set in this cause."

The writer of that letter was thereby diplomatically saying that he was ready for trial on the date which had been set. From that communication, the attorney for the claimant was apprised of the defendant's expectation that he would be ready for trial. In the exercise of diligence, he should have set in motion the machinery for taking the depositions to which he referred, and to have his client available. It could not be expected that Mr. Greaves, under the circumstances of this case, would intervene in a matter in which he had not even been employed in order to shield the claimant's attorney against a possible disposition in his absence. Besides, if it was necessary for the claimant's attorney to be out of the country, that fact should have been made known to his adversary and to the Commission, and the attorney should have sought either an agreement from the other parties or for an order of continuance from the Commission.

■ ■ Under Section 6998-43 (f), Code of 1942, Recompiled, the Commission had the power to adopt reasonable rules and regulations, consistent with law, for implementing the purposes of the Workmen's Compensation Act. This is in line with the general rule. See 100 C. J. S., Workmen's Compensation, Section 385, p. 149, where it is said: "Workmen's compensation boards or commissions are generally empowered to make and enforce

rules and regulations to enable the board or commission to carry out the functions and duties imposed by the act, and such rules and regulations will have the force and effect of law if reasonable and not in conflict with express law."

Rule 5 of the Commission provided in part: "* * * On failure of either party to have appeared at a scheduled hearing, the party making an appearance may dismiss by motion or be awarded compensation upon presentation of proper proof." The petition to reopen was filed within the time provided by the rule.

■■ Reopening of the case was a matter addressed to the discretion of the Commission under its procedural rules. Ainsworth v. Long Bell Lumber Company, 233 Miss. 38, 101 So. 2d 100; Druey v. Ingalls Shipbuilding Corporation, 237 Miss. 277, 114 So. 2d 772.

■■ The law contemplates a speedy determination of compensation claims. Reasonable rules to effect that end are necessary.

■■ The petition to reopen was not sworn to. No evidence was produced to verify the allegations, or to show that the claimant actually sustained any disability. The burden was on the movant. It was incumbent upon her, in the first instance, to show an improper dismissal, and in the second place, to show that there was merit in her claim. When the greatest charity is indulged in reference to the allegations of this petition, it must be said, with candor, that the showing was insufficient to require a reopening of the cause for a trial on the merits.

■■ Thus the Commission did not abuse its discretion in its refusal to reopen.

The judgment of the circuit court is reversed and the order of the Commission is reinstated.

Reversed and judgment here for appellant.

*Hall, P. J.,* and *Kyle, Holmes* and *Arrington, JJ.,* concur.