LEE, Justice,
for the Court:
Geraldine M. Reeves filed suit in the Chancery Court of Lincoln County against Ernest Reeves to cancel a deed of conveyance executed to him. The chancellor granted the prayer of the bill of complaint and cancelled the said deed. Ernest Reeves has appealed here.
Appellee was married to Clark Reeves (brother of Ernest Reeves) on April 3, 1976, and on July 15,1976, her husband conveyed to her 34.5 acres of land, the subject of this suit. Appellee and her husband executed a promissory note, secured by deed of trust, in favor of the Brookhaven Bank and Trust Company. In June, 1977, a deed of conveyance was prepared which purported to convey the property from Clark and Geraldine M. Reeves to Ernest Reeves. The consideration recited in the instrument was ten dollars ($10.00), cash in hand paid, and other good and valuable considerations. The deed was subject to any encumbrances in favor of Brookhaven Bank and Trust Company.
Clark and Geraldine M. Reeves signed the deed of conveyance before J. E. Morgan, Notary Public, on July 1, 1977. Clark Reeves left the notary’s home with the deed in his pocket and drowned July 5, 1977, without further communication with his wife. The record indicates that on occasions Clark Reeves would become depressed and would leave home overnight or, sometimes, for three or four days. He was buried July 7, 1977.
After Clark Reeves died, the appellant and one other individual went to the home of J. E. Morgan to verify the execution of the deed. The instrument bore the date July 7, 1977, and inquiry was further made from the notary as to why the instrument was not dated July 1, 1977, the date it was signed by the grantors. His explanation was that he made a mistake filling in the month (7th) rather than the first day of July. Mr. Morgan changed the date of the deed from July 7 to July 1 in the presence of appellant and the other individual, and appellant presented same to the chancery clerk for recordation on July 6, 1977. The clerk noticed that the date had been altered and the attorney who now represents appel-lee was present in the clerk’s office at the time the deed was presented. He noticed the change in date and had a photostatic copy of same made.
*793 Appellee testified that she and her husband had agreed to sell the land to appellant for the sum of three hundred ten dollars ($310.00) an acre; that there was a distinct agreement between her and her husband that the deed would not be delivered to appellant until the purchase price was paid; that she did not deliver the instrument to appellant; that she did not authorize delivery of the deed to appellant except upon payment of the purchase price; and that there was no legal delivery of the instrument to him.
Appellant testified that no consideration was ever discussed for the deed and that none was to be paid for the transfer of the property to him; that Clark Reeves personally delivered the deed to him on July 1, 1977, without condition or restriction; that he knew nothing of the alteration of the deed date by Mr. J. E. Morgan, and he denied going to Morgan’s house and asking him to change the date on the deed.
The outstanding mortgage to the Brook-haven Bank and Trust Company on the date of Clark Reeves’ death was forty-seven hundred seventy-five dollars ($4,775.00), and life insurance covering him reduced the balance to approximately three hundred twenty-one dollars ($321.00).
Did the trial court err in cancelling the deed executed by Clark Reeves and Geraldine M. Reeves to Ernest Reeves on the ground that there was no delivery from the purported grantors to the purported grantee?
The appellant contends that the chancellor erred in setting aside the deed for the reason that (1) the burden of proving nondelivery was on appellee and she failed to meet the burden; (2) the court improperly admitted parol and hearsay evidence for the purpose of showing non-delivery, and (3) appellee acknowledged her interest in the property was acquired through fraud, that she held no equitable title in said land, that she was a mere trustee, and cannot be heard on the issue of non-delivery.
In Threatt v. Threatt, 212 Miss. 555, 54 So.2d 907 (1951), the grantor decided to sell land to his uncle’s son after corresponding only with the uncle. The grantor had no contract with the grantee about the purchase of the land. He executed a deed in favor of the grantee and mailed it, along with a promissory note and deed of trust, to the uncle, with instructions to have them executed and filed before delivering the deed. The grantee acquired possession of the deed, how so was not shown, without executing the note and deed of trust. In holding that there was no delivery of the deed and quoting 18 C.J. 206, Section 105, the Court said:
“ ‘Where a deed is given to a third person to hold until the performance of some act by the grantee or the happening of some contingency, it does not operate as a delivery to the grantee, and a delivery by the depositary contrary to the directions of the grantor will not pass the title. Where a deed is delivered to a third person upon condition, the grantor may of course waive such condition.’ See, also, 26 C.J.S. Deeds § 43.” 212 Miss. at 563, 54 So.2d at 910.
The possession of the deed by the grantee and also the fact that a deed has been recorded raises a presumption of delivery. However, those presumptions are re-buttable presumptions and proof that there was no delivery overcomes same. Paoli v. Anderson, 208 So.2d 167 (Miss.1968); McMillan v. Gibson, 222 Miss. 408, 76 So.2d 239 (1954); Lynch v. Lynch, 121 Miss. 752, 83 So. 807 (1920).
It is well established that parol evidence is admissible to establish the delivery vel non of a deed. How else could those facts be shown? The testimony of appellee that she never authorized delivery of the deed here until the conditions for payment of the consideration were made and that the delivery by her husband of the deed was unauthorized is uncontradicted. That testimony was properly admissible. In Mississippi State Highway Commission v. Anderson, 183 Miss. 458, 184 So. 450 (1938), the Court cited 18 C.J., p. 206, and said:
“ ‘[W]hen a deed is given to a third person to be delivered as operative only *794 upon the performance of specified acts by the grantee, there is no delivery which will pass title until the specified acts have been performed as specified. 18 C.J., p. 206. And the proposed terms upon which delivery is to be made may be shown by parol, else they could not become the subject of inquiry at all.’ ” 183 Miss. at 465, 184 So. at 452.
And, in 32A C.J.S. Evidence § 935, at 320 (1964), the principle is stated as follows:
“parol evidence is admissible to show conditions precedent, which relate to delivery or taking effect of the instrument, as that it shall become effective only on certain conditions or contingencies, for this is not an oral contradiction or variation of the instrument but goes to the very existence of the instrument and tends to show that no valid and effective instrument ever existed.”
The contention of appellant that ap-pellee acknowledged her interest in the disputed property was acquired through fraud, that she holds no equitable title in said land, and that she was a mere trustee and cannot be heard on the issue of non-delivery is without merit.
Appellee testified that the reason Clark Reeves deeded the property to her was on account of his poor financial situation and on account of the fact that his former wife was continually pressing him for support money. Thus, the reason, appellant argues, that the conveyance perpetrated a fraud on creditors and was not a valid conveyance. Persons other than creditors cannot complain about a conveyance in fraud of the creditor. Likewise, appellant cannot complain of fraud in the conveyance as against any creditor of Clark Reeves, who might be affected by the conveyance. See 37 C.J.S. Fraudulent Conveyances § 62, at 906 (1943).
We are of the opinion that there was no valid or effective delivery of the deed to appellant and that the chancellor correctly cancelled the instrument. Since this question is dispositive of the case, it is not necessary to discuss the other assignments of error.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.