# IN THE COURT OF APPEALS 12/03/96

## OF THE

## STATE OF MISSISSIPPI

NO. 93-CA-01266 COA

ROBERT E. THAMES

APPELLANT

v.

SMITH INSURANCE AGENCY, INC.

APPELLEE

CONSOLIDATED WITH

NO. 93-CA-01267 COA

ROBERT THAMES D/B/A MALTA MART APPELLANT

v.

SMITH INSURANCE AGENCY, INC. APPELLEE

CONSOLIDATED WITH

NO. 93-CA-01268 COA

SEAVIEW RESORTS, INC. APPELLANT

v.

SMITH INSURANCE AGENCY, INC. APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. KEITH STARRETT

COURT FROM WHICH APPEALED: LINCOLN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

ROBERT ALAN BYRD

ATTORNEYS FOR APPELLEE:

JERRALD L. NATIONS

MICHAEL MADISON TAYLOR

NATURE OF THE CASE: CIVIL - INSURANCE

TRIAL COURT DISPOSITION: MOTION FOR CONTINUANCE OVERRULED


BEFORE BRIDGES, P.J., BARBER, AND MCMILLIN, JJ.

MCMILLIN, J., FOR THE COURT:


This matter is before the Court on three separate appeals. The appeals arise out of three judgments rendered in the Circuit Court of Lincoln County -- two against Robert Thames, individually, and one against Seaview Resorts, Inc., apparently a corporation controlled by Thames. All were brought by Smith Insurance Agency, Inc., seeking recovery of sums alleged to be due on open account. The cases were tried together in the circuit court although the record contains no order of consolidation. Separate appeals were perfected in each one; however, by previous order of the Mississippi Supreme Court, these cases were once again consolidated for consideration on appeal. The appeals do not reach the merits of Smith Insurance's claim, but rather assert that these defendants were denied a fair trial because they did not receive timely notice of the trial setting as required by Mississippi Rule of Civil Procedure 40. Finding no basis to disturb the judgment entered in these cases, we affirm.

I.

Facts


At a docket setting held on April 13, 1993, these cases were set for trial on the merits on May 25, 1993. Counsel for the defendants, though aware of the docket setting, did not attend due to conflicting commitments. According to evidence given by a deputy court clerk, on or about April 20, 1993, the clerk's office mailed a docket sheet showing the setting date for the three cases to the attorney of record for the defendants. It is undisputed that the mailing was sent to "P. O. Box 1939, Biloxi, MS 39538," which address was correct in all respects except that the correct zip code was actually 39533. The clerk further testified that, at the special request of counsel for the plaintiff, she mailed an additional copy of the docket sheet a few days later to the same address. There was uncontroverted evidence that there is no separate postal branch with the zip code 39538.

On the morning of trial, counsel for the defendants filed a motion for continuance claiming that his office had not received the mailed notices and that he had only learned of the trial setting the day

before by virtue of a telephone call from the trial judge. Prior to commencing the trial, the court conducted a hearing on the continuance motion at which time both sides presented fact witnesses.

The defendants presented the testimony of Kenneth Johnston, their counsel of record, that no notice of a trial setting had been received in his office. The trial court received an affidavit from Wanda Stanovich, the office manager for defense counsel's firm, stating essentially that, to her knowledge, no notice of the trial setting had been received at the firm's offices. The court also received the testimony of the deputy court clerk, a part of which we have already mentioned. The deputy clerk additionally testified that she had previously mailed a notice of the docket setting to the same address with the erroneous zip code, and that none of the three mailings had been returned to the clerk's office as undeliverable.

The plaintiff presented testimony from Nolon Bowman, who was a managerial employee of the United States Post Office in Brookhaven. He testified concerning the procedures required by postal service regulations to deal with improperly addressed mail (especially as related to zip code errors), what attempts were made to complete delivery, and the proper ultimate disposition of mail that could not be delivered as addressed.

At the conclusion of the hearing, the trial court denied the continuance motion. Defense counsel thereafter declined to participate in the trials. A jury was empaneled and heard evidence from the plaintiff in all three cases, was instructed by the court, and returned verdicts in favor the plaintiff in each case.

The defendants filed new trial motions, relying solely on the issue of failure to receive notice of the trial setting. In denying the new trial motion, the trial court made the following specific finding of fact:

> I further find, as a finding of fact, that notwithstanding the wrong zip code being on the mail to the attorneys, that it was properly mailed and that they did receive
>
> it -- both the notice of the docket setting and of the trial setting. And the motions will be overruled.

This appeal followed the denial of the new trial motions.

II.

Discussion

Mississippi Rule of Civil Procedure 40 governs the matter of trial settings and ensuring that the parties are afforded notice of various critical events in the progress of litigation. *See* M.R.C.P. 40. In order to permit parties adequate time for final trial preparation, the rule provides that a case must be set on the court's trial docket at least twenty days before the trial date. M.R.C.P. 40(b). In the instance where a case is set for trial and no representative of a party was present at the docket setting, the rule further provides the notice that must be given to the nonappearing party. The clerk is required "within three (3) days after a case has been placed on the trial docket [to] notify all parties who were not present personally or by their attorney of record at the docket setting as to their trial setting. Notice shall be by personal delivery or by mailing of a notice within said three (3) day period." M.R.C.P. 40(b).

This Court has examined the notice in the record purported to have been mailed to counsel for the defendants in this case and concludes that it contained the necessary information to substantially comply with the requirements of the cited rule. Thus, the only issue facing the Court is whether the notice was actually received by the defendants' attorney of record.

There is no doubt that defendants' counsel vehemently denied actual receipt of the notice mailed to his address. However, such a denial, standing alone, does not resolve the issue. "The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citations omitted); *see also Threatt v. Threatt,* 212 Miss. 555, 559, 54 So. 2d 907, 908-09 (1951). Once the presumption is established, the burden shifts to the party denying receipt to present evidence to rebut the presumption. *Threatt,* 212 Miss. at 559.

*Hagner* and *Threatt* share the distinction of having arisen before the advent of the zip code as a device to facilitate mail delivery. The issue before this Court, therefore, becomes whether, on these facts, the mailings to an address correct in all particulars except an error in the final digit of the five-digit zip code can be said to be "properly directed" so as to give rise to the presumption of delivery. There is no case authority in Mississippi directly on the issue; however, there is authority in other jurisdictions regarding the effect that minor errors in addressing mail has on the presumption.

In *In re Walker*, the court considered a notice in a bankruptcy proceeding that had been sent to "153 N. Washington" instead of the correct address of "153 S. Washington." *In re Walker*, 125 B.R. 177, 179 (Bankr. E.D. Mich. 1990). The recipient denied receipt of the notice; however, the court refused to seize on a nonsensical literal application of the presumption, and said that the test should be "if the address provided by the debtor is sufficiently accurate to permit delivery by the United States Postal Service to the appropriate party." *Id.* at 180. In *In re Pettibone Corporation*, notices were sent with an incorrect law firm name and the complete absence of a zip code; however, the court still applied the presumption of delivery, saying "where the address is only slightly incorrect the presumption remains, but is weakened." *In re Pettibone Corporation* 123 B.R. 304, 310 (Bankr. N.D. Ill. 1990). In that case, the court commented that mere "[d]enial by addressee of receipt of mail does not rebut the presumption of receipt *but merely raises a question of fact." Id.* at 310 (citation omitted) (emphasis supplied). It went on to adjudicate timely delivery of the notice despite the recipient attorney's protestations to the contrary, relying, in part on the fact that the notice had not been returned by the postal service as undeliverable and that the proof showed that the attorney had

received other mailings addressed in the same manner. *Id.* at 310.

In *In re Longardner & Associates*, the court again dealt with a missing zip code and its effect on the presumption of delivery. *In re Longardner & Assocs.*, 855 F. 2d 455, 460 (7th Cir. 1988). The court stated:

> We also do not accept the creditor's argument that the absence of a zip code on the address used by the clerk precludes a finding that the notice was properly addressed. Although the presumption of delivery may be weakened by the absence of a zip code, it is strengthened in this case by the fact that the notice was never returned to the clerk's office.

*Id.* (citations omitted).

In a case remarkably on point, the United States Bankruptcy Court of Vermont dealt with a notice that was correct in all respects except for an error in the final digit of the zip code. *See In re STN Enterprises,* 94 B.R. 329, 331 (Bankr. D. Vt. 1988). That court, despite the error, applied the presumption in its "weakened" form and found it to prevail over the mere denial of receipt upon proof that it was never returned to the sender and that the recipient had received other mailings with the same error. *Id.* at 334.

In the case now before us for consideration, there was ample proof that the clerk had mailed two separate notices of the docket setting, neither of which was returned. There was further testimony by the deputy clerk that she had previously mailed a notice of the docket setting to the same address, and it had not been returned as undeliverable. There was affirmative proof from the postal service representative that the first three correct digits of the zip code would have served to get the mail to the Biloxi post office for further processing, since those first three digits determine the initial routing. He informed the court of what steps would normally be taken to resolve zip code problems and ensure the delivery of such mail. He also testified that standard postal procedures call for the return of undeliverable mail to the sender if a return address is shown.

We determine, on these facts, that the cited cases from other jurisdictions are persuasive on the point that this one-digit error in the zip code is not sufficient, as a matter of law, to defeat the application of the presumption of delivery that accompanies proof of mailing, even though the presumption may be "weakened" by the zip code error. The "weakened" presumption was, nonetheless, strengthened by evidence that the mailings would have been deliverable as addressed, subject only to a special processing procedure designed to resolve incorrect zip code insertions. The presumption was further strengthened by proof that at least three mailings using the incorrect zip code were not returned to the clerk as undeliverable. The burden of overcoming the presumption rested with the defendants. They offered only a denial of receipt, albeit by two separate representatives of the recipient law firm. This proof, then, posed a classic issue of disputed fact.

Since this was a disputed issue of fact on which the trial court acted as fact finder, this Court, on appellate review, is not charged with determining *de novo* where we feel the preponderance of the evidence might have been on the issue. Our review is limited to determining whether the conclusion

of the fact finder is against the substantial weight of the evidence. *$107,000 United States Currency v. State ex rel. Harrison County Sheriff's Dep't,* 643 So. 2d 917, 920 (Miss. 1994). There is no basis, on this record, to reach such a conclusion, and we are, therefore, bound to affirm the ruling of the trial court that necessarily followed his resolution of this hotly contested fact issue.

We are left, then, with the limited issue of whether the admitted delay of the clerk's office in mailing the notices until approximately seven days after the docket setting, rather than within three days required by Rule 40(b) is fatal to the notice. We conclude that, on these facts, it is not. The clear emphasis of the rule is upon giving parties ample time to prepare for trial by requiring a case to be on the trial docket at least twenty days in advance of the actual trial date. Nevertheless, the three-day period to mail out notices to nonpresent parties contemplates that a litigant may not receive actual notice of a trial setting, even upon strict compliance with the rule, until less than seventeen days prior to trial. This is true since the rule permits a case to be set exactly twenty days after the docket setting and, nevertheless, permits the clerk three days to mail out the notice, which, even assuming next-day delivery, reduces the time of actual notice to sixteen days. In this case, the first notice was mailed some thirty days in advance of trial, which provided substantially more advance notice than is contemplated as necessary under the rule. Thus, we conclude that, absent a showing of prejudice, the technical violation of the three-day requirement of Rule 40(b) by the clerk's office does not serve to void the notice. The defendants in this case put on no proof of such prejudice, neither do they advance in their brief any facts that would support a finding of prejudice by virtue of this technical violation of the rule. The rule was amended in 1985 because the rules committee "determined that [the old] rule required too much notice of the date the case was to be set, and failed to require adequate notice of the trial date." M.R.C.P. 40 cmt. This stated purpose of the amendment clearly indicates that the committee determined that something in the range of sixteen to twenty days was "adequate notice" in terms of time for trial preparation. In this case, th e trial court concluded that the defendants had actual notice of trial for a substantially longer period, and there can, thus, be no prejudice.

**THE JUDGMENTS OF THE LINCOLN COUNTY CIRCUIT COURT ARE AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., AND SOUTHWICK, JJ., CONCUR. BARBER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, DIAZ, KING, AND PAYNE, JJ.**

# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

NO. 93-CA-01266 COA

**ROBERT E. THAMES**

**APPELLANT**

**v.**

**SMITH INSURANCE AGENCY, INC.**

**APPELLEE**

**CONSOLIDATED WITH**

**NO. 93-CA-01267 COA**

**ROBERT THAMES d/b/a MALTA MART APPELLANT**

**VERSUS**

**SMITH INSURANCE AGENCY, INC. APPELLEE**

**CONSOLIDATED WITH**

**NO. 93-CA-01268 COA**

**SEAVIEW RESORTS, INC. APPELLANT**

**VERSUS**

**SMITH INSURANCE AGENCY, INC. APPELLEE**

BARBER, J., DISSENTING:

I respectfully dissent.

The issue presented for our consideration is whether the dictates of Rule 40 of the Mississippi Rules of Civil Procedure for providing notice of a trial setting were followed in this case. I conclude they were not and would find that the trial court erred in denying both Thames' motion for a continuance and for a new trial.

Although the facts of this case are set out in the majority opinion, a more detailed account of events adds to a clearer understanding of whether proper notice was given in this case. Therefore, I have chronologically recounted the facts here with more specificity.

On March 18, 1993, the Lincoln County Circuit Clerk's office caused a notice of the setting of the trial docket to be mailed to the Appellants' attorney at "P.O. Box 1939, Biloxi, Mississippi 39538" and not to his correct address of "P.O. Box 1939, Biloxi, Mississippi 39533". "39538" is a non existent zip code. On April 12, 1993 during a telephone call with Honorable Keith Starrett, the circuit

judge, Appellants' attorney was told that a setting of the trial docket would be held on April 13, 1993. It appears from the record that no notice was received prior to the telephone call.

On April 13, 1993, the setting of the trial docket was held in the Lincoln County Circuit Court. The three cases involving the Appellants and Smith Insurance were on the trial calendar for the trial docket setting. Because of a scheduling conflict, Appellants' attorney did not attend this setting of the trial docket.

On April 20, 1993, the Lincoln County Circuit Clerk's office received the trial docket. Appellants' cases had been placed on the trial docket and had been set for trial on May 25, 1994. On April 20, 1993, the Lincoln County Circuit Clerk's office caused a notice of the Appellants' trial setting to be mailed to Appellants' attorney at "P.O. Box 1939, Biloxi, Mississippi 39538," and not to his correct address of "P.O. Box 1939, Biloxi, Mississippi 39533."

On April 26, 1993, the Lincoln County Circuit Clerk's office, pursuant to a request by one of Smith Insurance's attorneys, caused another notice of the Appellants' trial setting to be mailed to the Appellants' attorney. Once again it was addressed to the non-existent zip code of "39538".

On May 24, 1993, Appellants' attorney received a telephone call from Judge Starrett. During that telephone call, Appellants' attorney was told that Appellants' cases were set for jury trial at 9:00 a.m. on May 25, 1993.

On May 25, 1993, Appellants' attorney filed a motion for continuance and asked that the jury trial for these cases be continued. This motion was supported by his affidavit in which he stated that he had not received the notices of the setting of the trial docket and of the trial setting which were sent by the Lincoln County Circuit Clerk's office.

At the hearing on the motion for continuance held on May 25, 1993, Nolan Bowman, an employee of the United States Post Office located in Brookhaven, Mississippi testified regarding the procedure which would be followed in the case of a letter addressed to an incorrect zip code. Appellants' attorney testified that he had received neither notice of the setting of the trial docket nor of the trial setting. A deputy circuit clerk testified that the notices had not been returned to the Circuit Clerk's office as "undeliverable". This, however, does not preclude the possibility that the notice was still in the process of being delivered. In fact, the return receipt for the item was dated June 10, 1993 indicating that this was precisely the situation. As such, this testimony is not inconsistent with the testimony of the Appellants' attorney.

Appellants' motion for continuance was denied by Judge Starrett. Appellants did not appear, and Appellants' attorney did not participate in the trial held on May 25, 1993. After a jury was selected, evidence was offered by the attorneys for Smith Insurance. The jury rendered verdicts in each case for Smith Insurance for a sum certain. Upon those verdicts, judgments were filed on June 2, 1993.

On June 4, 1993, Appellants' attorney filed a "Rule 59 Motion for New Trial and to Alter or Amend Judgment". By this motion, Appellants' attorney, citing the failure of the Circuit Clerk's office to comply with the dictates of Rule 40 regarding mailing of the notice of trial setting and his non receipt of the notices of the setting of the trial docket and the trial setting, sought to have the judgments entered in the three cases set aside and a setting for a new trial fixed. This motion was later supported

by a copy of the return receipt for the trial setting which showed a delivery date of June 10, 1993.

After a hearing September 7, 1993, Judge Starrett apparently found that the Appellants had notice of the trial setting which he found had been "properly mailed". Orders were entered denying the motion for new trial on October 4, 1993.

The Appellants maintain that there was a clear and substantial departure from the edicts of Rule 40 of the Mississippi Rules of Civil Procedure for providing notice of the setting of causes for trial. In such circumstances, the Appellants assert that the trial court's failure to set aside the judgments and to order a new trial constitutes an abuse of discretion.

Smith Insurance argues that the trial court did not abuse its discretion in denying the motion for the continuance because, as the trier of fact, the trial judge had an opportunity to observe the witnesses and rule on the motion. Even if Smith Insurance was correct that at the time of the motion for continuance the evidence was such that the court was not manifestly wrong in finding that notice was received, it should still not ultimately prevail on appeal. This is so because, given the additional evidence of the untimely date on the return receipt which was available at the hearing on the motion for a new trial, the court abused its discretion in denying such motion. Smith Insurance, in its brief, does not address the issue of whether the court erred in denying the Appellants' motion for a new trial.

Rule 40 (b) provides as follows:

> (b) Notice. The Court shall provide by written direction to the clerk when a trial docket will be set. The clerk shall at least five (5) days prior to the date on which the trial docket will be set notify all attorneys and parties without attorneys having cases upon the trial calendar of the time, place, and date when said docket shall be set. All cases shall be set on the trial docket at least twenty (20) days before the date set for trial unless a shorter period is agreed upon by all parties or is available under Rule 55. The trial docket shall be prepared by the clerk at the time actions are set for trial and shall state the case to be tried, the date of trial, the attorneys of record in the case, and the place of trial. Additionally, said trial docket shall reflect such attorneys of record and parties representing themselves as were present personally or by designee when the trial docket was set. *The clerk shall within three (3) days after a case has been placed on the trial docket notify all parties who were not present personally or by their attorney of record at the docket setting as to their trial setting. Notice shall be by personal delivery or by mailing of a notice within said three (3) day period.* Matters in which a defendant is summoned to appear and defend at a time and place certain pursuant to Rule 81 or in which a date, time and place for trial have been previously set shall not be governed by this rule.

(M.R.C.P. 40(b) (emphasis added).

With little supporting analysis and no supporting authority, the majority summarily concludes that the notice contained the necessary information to "substantially comply" with the requirements of the rule. I cannot agree.

At the motion for continuance, Karen Maxwell, Lincoln County Deputy Circuit Clerk, testified that the notices of the trial setting and the docket calls were mailed with the erroneous zip code. She also testified that notices of the trial setting were mailed on April 20, 1993. This is seven days after the setting of the trial docket. Rule 40 requires that the clerk notify all parties within three days, either by mail or personal delivery of the trial setting, if they were not present at the docket setting. Therefore, the clerk did not comply with this requirement of Rule 40. Additionally, the postal return receipt for the trial docket, also sent to the wrong zip code, was dated June 10, 1993. This was well after the trial date of May 25, and certainly not within the twenty-day minimum notice required by Rule 40. The usage of the word "shall" in Rule 40 denotes that the contents of the rule must be complied with and are not merely suggestive in their purpose. Given these factors, the Appellants did not receive the required timely notice of the trial setting. This deficiency was not cured by a telephone call made less than twenty-four hours before trial and ostensibly for the purpose of notification from the trial judge to the Appellants' attorney. *See King v. King*, 556 So. 2d 716, 719 (Miss. 1990). The trial court's finding, therefore, that notice of the trial setting was "properly mailed" is contrary to the overwhelming weight of the evidence and, thus, manifestly wrong.

In affirming the lower court, the majority cites the general rule that mail properly addressed and deposited in the mail system is presumed to have been received by the party to whom it is addressed. *Hagner v. United States*, 285 U.S. 427, 430 (1932). The glaring distinction which exists in the case before us is that the notice in question was not properly addressed. The majority also cites *Threatt v. Threatt*, 54 So. 2d 907, 908-09 (Miss. 1951) in support of this presumption. *Threatt*, however, is also distinguishable in that there was no showing that the item was mailed with an incorrect address. Furthermore, this case is not dispositive of the issue because it was decided prior to the adoption of the Mississippi Rules of Civil Procedure.

The majority goes on to cite various bankruptcy cases from foreign jurisdictions to buttress the validity of their conclusion that because of the existence of a presumption of delivery, we must find that the Defendants-Appellants received timely notice. These cases hold that where an address is only slightly incorrect the presumption of delivery may still exist in a weakened state, if there is sufficient evidence from which to presume that the addressee nonetheless received the incorrectly addressed notice. Such evidence has historically been that the recipient had received other mailings with the same error in the address. Nevertheless, in the facts before us, there is no showing that the Appellants' attorney had previously received mail with the non existent zip code used on the notice. Accordingly, there is insufficient evidence presented in the instant case to warrant a weakened presumption.

Furthermore, the limited persuasiveness of these opinions is further diminished by the existence of other decisions from various jurisdictions which contradict those cited by the majority. These cases hold that where an incorrect address is used the presumption of receipt does not arise. This is true even though the mail contains a return address and was not returned to sender. *Randbre Corp. v.*

*Ladney (In re Randbre Corp.)*, 66 B.R. 482, 485-86 (Bankr. S.D.N.Y. 1986) (citing *Optivision Inc. v. Syracuse Shopping Ctr Assoc.*, 472 F. Supp. 665, 693 (N.D.N.Y. 1979); *Nassau Ins.Co. v. Murray*, 386 N.E.2d 1085, 1086 (N.Y. 1978).

Unlike the opinions cited above, the majority finds reassurance in the fact that the notice sent to the Appellants' attorney had not been received by the deputy clerk as undeliverable. I, however, find no consolation in this fact given the limited time frame involved. Simply put, the notice was still in the process of being delivered at the time of trial. It seems to me that the majority confuses the issue of "timely notification", as required by the rule, with that of "eventual notification". As the court in *Randbre Corp. v. Ladney*, astutely observed, "[t]he tenacity of the postal service in delivering imperfectly addressed mail cannot be credibly established . . . . Indeed such tenacity, which may be exhibited in specific instances, is improbable as a general proposition." *Randbre Corp.,* 66 B.R. at 486.

The majority also finds that the Appellants in this case fail to show prejudice. Where a defendant does not receive timely notice of a trial date, prejudice is assumed. *See Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (providing that where notice was mailed to wrong address, judgment was to be reversed). Therefore, the argument that the Appellants did not make a showing of surprise or prejudice does not resolve the issue before us. Such a showing would only be required in a Rule 60(b) motion for relief from judgment, not in a motion for new trial. *Id.*

The majority states that it is bound to affirm the ruling of the trial court on a contested issue of fact. It is equally true, however, that as a question of law, we are compelled to uphold the dictates of the Mississippi Rules of Civil Procedure. It is clear from the record that the requirements of Rule 40 were not complied with. The trial docket was not mailed within the required three-day period, and it is apparent from the postal return receipt on the trial docket setting that the Defendant did not receive the required twenty-day notice. Therefore, the trial court abused its discretion in denying the Appellants' motion for a new trial on this basis. Given the above, I would reverse and remand for a new trial.

**COLEMAN, DIAZ, KING AND PAYNE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.**