¶ 1. Kevin Pennington appeals to this Court from an order issued by the Circuit Court of Washington County, Mississippi, which affirmed the decision of the Workers' Compensation Commission of the State of Mississippi. The Commission denied Pennington's motion to reinstate his claim based on his failure to prosecute the claim and respond to numerous status inquiries. On *Page 163 
appeal, Pennington asserts that the Commission abused its discretion in refusing to reopen his claim. We find that this assignment of error is without merit, and therefore, we affirm.
 A. THE FACTS ¶ 2. On January 8, 1990, Kevin Pennington filed a petition to controvert his claim with the Mississippi Workers' Compensation Commission. Pennington alleged that he suffered a compensable injury while employed as a machine operator at USG Interiors on April 21, 1988. An initial hearing scheduled on January 17, 1991, and later reset for August 14, 1991, was postponed after the administrative law judge granted Pennington's request for a continuance. USG subsequently filed a motion to dismiss Pennington's petition or, in the alternative, to compel discovery propounded by USG to Pennington on December 12, 1990.
 ¶ 3. The administrative law judge ordered Pennington to respond to USG's discovery requests and complete all medical depositions within thirty days of the August 27, 1991, order. The judge noted that if Pennington failed to respond to the order, he would dismiss the petition without prejudice. Pennington answered the interrogatories propounded by USG on September 20, 1991. However, there is no indication that he scheduled any medical depositions. Unfortunately, Pennington's attorney died in February, 1992. Shortly thereafter, Pennington retained George Hollowell to pursue his claim.
 ¶ 4. On March 27, 1992, the administrative law judge advised Hollowell by letter that Pennington's case was on the active docket. The judge informed Hollowell that he had one hundred and twenty days to complete discovery and secure deposition dates. He also noted that the parties were required to submit a joint pretrial statement at the end of the discovery period. Moreover, the judge instructed Hollowell that in the event either party failed to respond as requested, the Commission could remove the case from the active docket, dismiss the case, or award benefits pursuant to Procedural Rule 7 of the Mississippi Workers' Compensation Commission.
 ¶ 5. After the parties failed to submit a joint pretrial statement, the judge sent the respective attorneys a notice concerning their failure to comply with the previous order. The judge informed the attorneys that the case would be removed from the active docket without further notice if such a statement was not received within thirty days. Thereafter, because the judge did not receive a response within the allotted period, he removed the case from the active trial calendar on September 24, 1992.
 ¶ 6. On March 29, 1993, the administrative law judge sent a status inquiry to the parties and requested that the parties advise him (1) of the status of the case; and (2) whether the case was ready to be placed back on the active docket. He informed USG and Pennington that if either party responded affirmatively they would have one hundred and twenty days to complete discovery. If neither party sought to place the case on the active docket, the judge noted that the matter would be placed on inactive status for one hundred and eighty days or until further notice from the parties. Furthermore, the judge instructed the parties that if neither party responded as requested, the Commission would dismiss the case under Rule 7.
 ¶ 7. After neither party responded to the request, the judge sent a second status inquiry to the parties on May 24, 1993. He again informed the parties that the Commission would dismiss the case if neither party responded within thirty days. The judge subsequently dismissed Pennington's claim on July 13, 1993, based upon his failure to reply to repeated status inquiries from the Commission. The order informed Pennington that he had fourteen days to show justifiable cause for failure to pursue his claim in a timely fashion.
 ¶ 8. Several months later on February 28, 1994, Pennington filed a motion to reinstate his claim. He and his attorney both alleged that they did not receive a copy of the order of dismissal. In response, USG opposed the motion and asserted that Pennington failed to offer a justifiable cause for his failure to timely prosecute his claim. Although Pennington *Page 164 
filed the motion to reinstate his claim, he failed to set the motion for a hearing. Another administrative law judge sent notices to the parties on April 1 and May 6 informing them that the matter had not been set for a hearing. The judge advised the parties that they could request oral argument on the motion but such a request was within the Commission's discretion. On November 8, 1994, the judge again informed Hollowell by letter that there was a pending motion on Pennington's claim and requested a response within ten days as to how he wanted to proceed on the matter.
 ¶ 9. On December 19, 1994, the Commission sent a status inquiry to Hollowell. The letter set forth Procedural Rule 7 and noted that a party's failure to respond to a status inquiry within twenty days could result in the dismissal of the claim, award or benefits, or other sanctions. Hollowell failed to reply, and as a result the judge entered a second order of dismissal on February 21, 1995, denying any motion or continuation of the claim. Hollowell subsequently noticed his February 28, 1994, motion for a hearing on May 2, 1995. Following a hearing, the judge entered a detailed order in which she denied Pennington's motion to reinstate his claim. The judge set forth the procedural history of the case and noted that Pennington had failed to timely prosecute his claim. On appeal, the full Commission and the circuit court affirmed the dismissal order.
 B. THE ISSUE ¶ 10. Pennington raises a single issue on appeal, which is taken verbatim from his brief:
 I. WHETHER THE WORKERS' COMPENSATION COMMISSION ABUSED ITS DISCRETION IN REFUSING TO REOPEN CLAIMANT'S CASE?
 C. ANALYSIS I. DID THE WORKERS' COMPENSATION COMMISSION ERR IN REFUSING TO REINSTATE PENNINGTON'S CLAIM?
 ¶ ll. Pennington contends that the Workers' Compensation Commission prematurely dismissed his claim based upon his former attorney's alleged failure to timely prosecute his case, and that the Commission improperly predicated its decision to deny his motion to reinstate the claim on the inactions of his former attorney. Pennington alleges that such idleness should not have been imputed to his present attorney and that substantial evidence is present in the record to support his assertion that neither he nor his attorney received any correspondence from the Commission.
 ¶ 12. Section 71-3-53 of the Mississippi Code Annotated allows the Workers' Compensation Commission to entertain an application to reopen or reinstate a claim under limited circumstances. The statute provides that the Commission may reopen and review a compensation case "[1] on the ground of a change in conditions or [2] because of a mistake in a determination of fact. . . ." Miss. Code Ann. § 71-3-53
(Rev. 1995). Moreover, the right to reopen a claim in such a situation is within the discretion of the Commission, and the burden is upon the party alleging a change in the claimant's medical condition to prove that change by a preponderance of the evidence. Georgia-Pacific Corp. v. Gregory,589 So.2d 1250, 1254 (Miss. 1991); Dunn, MISSISSIPPI WORKERS' COMPENSATION § 336 (3d ed. 1990).
 ¶ 13. Although Pennington refers to Section 71-3-53 in his brief, he does not allege that his assignment of error falls within either situation mentioned in the statute which would justify reopening his claim. He merely asserts that his compensation claim should have been reopened because the Commission predicated its decision on the inactions of his former attorney, a circumstance not contemplated by Section 71-3-53. The question here is not whether the Commission should allow reopening based upon a change in circumstances or mistake of fact, but whether it should have permitted reopening after Hollowell alleged that he was never "acclimated" to the case and did not receive the notice of dismissal.
 ¶ 14. The Workers' Compensation Commission is empowered to adopt detailed rules and regulations, consistent with the law, to facilitate the purposes of the Workers' Compensation *Page 165 
Act. Miss. Code Ann. § 71-3-85(5) (Rev. 1995). As the supreme court noted, the "[l]aw contemplates a speedy determination of compensation claims. Reasonable rules to effect that end are necessary." Barq's Bottling Co. v.Broussard, 239 Miss. 561, 567, 124 So.2d 294, 297 (1960). Pursuant to this authority, the Commission has promulgated and published procedural rules for the orderly resolution of claims for compensation that fall within its jurisdiction.See Procedural Rules of the Mississippi Workers' Compensation Commission (1994). Procedural Rule 7 provides that "[a]ll cases not set for hearing shall be reviewed periodically. Failure of the party or the party's attorney to respond to a status inquiry within twenty (20) days may result in the dismissal of the claim, award of benefits, or other sanctions." Procedural Rules of the Mississippi Workers' Compensation Commission 7 (1994). Furthermore, Procedural Rule 21 requires that "[e]very party to a controverted or non-controverted case must keep the Commission informed of that party's current address and telephone number. The last address and telephone number on file with the Commission shall be presumed correct unless the Commission is notified otherwise in writing." Procedural Rule 21 of the Mississippi Workers' Compensation Commission (1994).
 ¶ 15. Although we are addressing the internal procedures and rules of the Mississippi Workers' Compensation Commission, both the United States and Mississippi Supreme Court have considered the effect of written notice by mail in a court proceeding which permitted such a communication. See Hagnerv. United States, 285 U.S. 427, 430, 52 S.Ct. 417,76 L.Ed. 861 (1932); Threatt v. Threatt, 212 Miss. 555,559, 54 So.2d 907, 909 (1951). The courts have uniformly recognized that there is a presumption that mail properly directed and deposited is timely delivered to the individual to whom it was addressed. Id. Moreover, "mere denial of receipt is insufficient to create a triable issue of fact."Carter v. Allstate Indem. Co., 592 So.2d 66, 75
(Miss. 1991).
 ¶ 16. A review of the record in the case subjudice supports the Commission's finding that Hollowell failed to timely prosecute Pennington's compensation claim. Pennington retained Hollowell shortly after his former attorney passed away in February, 1992. After that time, Hollowell was not diligent in pursuing his client's claim. Although Hollowell asserted that he was never "acclimated" to the status of the case and that the Commission wrongly imputed the inactions of Pennington's former attorney to him, the record is clear that the Commission sent numerous letters and notices to Hollowell relating to the case. Hollowell never responded to the status inquiries or other notices sent by the administrative law judge and merely denied that he received any such notices. It is also noteworthy that neither Hollowell nor Pennington alleged that the addresses utilized by the Commission in its mailings were incorrect.
 ¶ 17. After Hollowell filed Pennington's motion to reinstate the claim, he failed to take any action despite the repeated inquiries from the Commission. Only after the Commission issued its second order of dismissal in February, 1995, did Hollowell finally notice the motion to reinstate for a hearing. Following the hearing, the judge entered a detailed order denying Pennington's motion to reinstate the claim. Based upon the standard of review and the evidence before us, we cannot say that the Commission abused its discretion in refusing to reopen Pennington's claim. In the absence of an abuse of discretion in enforcing its rules, we are without authority to over-turn the Commission's order of dismissal. SeeDelta Drilling Co. v. Cannette, 489 So.2d 1378,1380-81 (Miss. 1986), which states:
 We emphasize that the Commission is an administrative agency, not a court. It has broad discretionary authority to establish procedures for the administration of compensation claims. It has like authority to relax and import flexibility to those procedures where in its judgment such is necessary to implement and effect its charge under the Mississippi Workers' Compensation Act. It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules. . . . *Page 166 
Accordingly, this assignment of error is without merit.
 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTONCOUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THEAPPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.